# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

Raymond H. Kimble, III

Civil Action

Versus

No.

Hillar C. Moore, III
- April Michelle Leon
- Stephen N. Pugh
- Michael A. Mitchell
- D. Carson Marcantel
- Victor J. Woods Jr.
- Danny Forbes
- Michael L. Barrow
- Adam Alford
- Michael Blondeau
- Adam Lee
- Darren Moses
- Joseph Nealond
- Wroten Bromfield
- Ira Roberts
- John Doe
- David DeRoche
- Darrent Parent
- (First Name Unknown) Hayes
- Sue Ellen Monfra
- (First Name unknown) Thompson
- Joseph P. Lopinto, III
- Nineteenth Judicial District Attorneys Office
- The Office of the Public Defender
- Baton Rouge Police Department
- City of Baton Rouge
- Parish of East Baton Rouge
- East Baton Rouge Sheriffs Office
- Jefferson Parish Sheriffs Office

Section:

## COMPLAINT

### JURISDICTION

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C.

Section 2283 and 2284 Rule 65 of the Federal Rules of Civil Procedure.

## Previous Lawsuits

- There are "No" other lawsuits in state or federal court dealing with the same facts involved in this action.

- There are two previously filed Federal Lawsuits which were dismissed as frivolous, malicious, or failure to state a claim for which relief can be granted by any federal court.
    1.) United States District Court, Eastern District of Louisiana; Case Number 18-7918; Dismissed with Prejudice.
    2.) United States District Court, Eastern District of Louisiana; Case Number 19-13078; Dismissed with Prejudice.

## I.

## PLAINTIFF

1.) Plaintiff: Raymond Harold Kimble, III
Number: J.P.C.C. # 1000237229    LA DOC # 503830
Address: 100 Dolhonde Street; Gretna, LA 70053
Date of Birth: November 29, 1985
Date of Arrest: April 20, 2016
Date of Conviction: None, as of October 13, 2020

## DEFENDANTS

2.) Defendant, Hillar C. Moore, III, is employed as District Attorney at The Nineteenth Judicial District Attorney's Office. He is responsible for the overall operation of The Nineteenth Judicial District Attorney's Office. Address for Service: 222 St. Louis Street; Baton Rouge, LA 70802.

3.) Defendant, April Michelle Leon, is employed as Assistant District Attorney at The Nineteenth Judicial District Attorney's Office. Address for Service: 222 St. Louis Street; Baton Rouge, LA 70802.

4.) Defendant, Stephen N. Pugh, is employed as Assistant

2

District Attorney at the Nineteenth Judicial District Attorneys Office. Address for service: 222 St. Louis Street; Baton Rouge, LA 70802.

5.) Defendant, Nineteenth Judicial District Attorneys Office for the Parish of East Baton Rouge, State of Louisiana. Address for service: 222 St. Louis Street; Baton Rouge, LA 70802.

6.) Defendant, Michael A. Mitchell, is employed as District Defender at the Office of the Public Defender. He is responsible for the overall operation of the Law Office of the Public Defender, Nineteenth Judicial District of Louisiana. Address for service: 222 St. Louis Street, Suite 707; Baton Rouge, LA 70802.

7.) Defendant, THE OFFICE OF THE PUBLIC DEFENDER, Nineteenth Judicial District of Louisiana for the Parish of East Baton Rouge. Address for service: 222 St. Louis Street, Suite 707; Baton Rouge, LA 70802.

8.) Defendant, D. Carson Marcantel, is employed as Appointed Counsel by the Nineteenth Judicial District Court, through the OFFICE OF THE PUBLIC DEFENDER. Address for service: 9247 Bluebonnet Blvd., Suite C; Baton Rouge, LA 70810.

9.) Defendant, Victor J. Woods Jr., is employed as Appointed Counsel by the Nineteenth Judicial District Court, through THE OFFICE OF THE PUBLIC DEFENDER. Address for service: 3834 New Prosperity Lane, Suite A; Addis, LA 70710.

10.) Defendant, David DeRoche, is employed as Detective at the Jefferson Parish Sheriff Office. Address for service: 1233 Westbank Expressway; Harvey, LA 70058.

11.) Defendant, Darren Parent, is employed as Detective at the Jefferson Parish Sheriffs Office. Address for service: 1233 Westbank Expressway; Harvey, LA 70058.

12.) Defendant, Danny Forbes, is employed as Detective at the Baton Rouge Police Department. Address for service: 9000 Airline Hwy; Baton Rouge, LA 70815.

13.) Defendant, Adam Alford, is employed as Detective at the Baton Rouge Police Department. Address for service: 9000 Airline Hwy; Baton Rouge, LA 70815.

14.) Defendant, Michael Blondeau, is employed as Detective at the Baton Rouge Police Department. Address for Service: 9000 Airline Hwy; Baton Rouge, LA 70815.

15.) Defendant, Adam Lea, is employed as Detective at the Baton Rouge Police Department. Address for Service: 9000 Airline Hwy; Baton Rouge, LA 70815.

16.) Defendant, Joseph Nealond, is employed as Detective at the Baton Rouge Police Department. Address for Service: 9000 Airline Hwy; Baton Rouge, LA 70815.

17.) Defendant, Michael L. Barrow, is employed as Sergeant/Ex-Officio Notary at the Baton Rouge Police Department. Address for Service: 9000 Airline Hwy; Baton Rouge, LA 70815.

18.) Defendant, Darren Moses, is employed as (position unknown) at the Baton Rouge Police Department. Address for Service: 9000 Airline Hwy; Baton Rouge, LA 70815.

19.) Defendant, Wroten Brumfield, is employed as (position unknown) at the Baton Rouge Police Department. Address for Service: 9000 Airline Hwy; Baton Rouge, LA 70815.

20.) Defendant, Ira Roberts, is employed as (position unknown) at the Baton Rouge Police Department. Address for Service: 9000 Airline Hwy; Baton Rouge, LA 70815.

21.) Defendant, John Doe, is employed as Chief of Police (2016) at the Baton Rouge Police Department. He is responsible for the overall operation of the Baton Rouge Police Department. Address for Service: 9000 Airline Hwy; Baton Rouge, LA 70815.

22.) Defendant, Baton Rouge Police Department, State of Louisiana. Address for Service: 9000 Airline Hwy; Baton Rouge, LA 70815.

23.) Defendant, City of Baton Rouge, State of Louisiana. Address for Service: Currently Unknown.

24.) Defendant, East Baton Rouge Sheriffs Office, State of Louisiana. Address for Service: Currently Unknown.

25.) Defendant, Parish of East Baton Rouge, State of Louisiana. Address for Service: Currently Unknown.

4

# STATEMENT OF CLAIM

26.) On April 15, 2016 "Brian Daniel Ernst" was arrested by the Jefferson Parish Sheriffs Office, State of Louisiana. Ernst was arrested by Jefferson Parish Sheriffs office Detective David Deroche and Detective Darren Parent.

27.) Between the dates of April 15, 2016 to April 21, 2016 Deroche and Parent, coerced and influenced Ernst into implicating plaintiff into numerous crimes.

28.) On April 21, 2016 Baton Rouge Police Department, State of Louisiana, Detective Adam Alford, Detective Michael Blondeau and Detective Adam Lea went to the Jefferson Parish Sheriffs Office Detective Bureau to interview Ernst. Deroche and Parent were in constant contact with: Alford, Blondeau, and Lea. Deroche and Parent transported Ernst to the Jefferson Parish Sheriffs Office Detective Bureau.

29.) On April 21, 2016 Baton Rouge Police Department, State of Louisiana, Detective Danny Forbes prepared arrest warrants for plaintiff and Ernst for: First Degree Robbery/Simple Robbery, Burgulary of an Inhabited Dewelling, and False imprisonment (Baton Rouge Police Department item # 34180-16). The arrest warrant for plaintiff was not facially valid: A.) Ernst was coerced and influenced into implicating plaintiff in the Simple Robbery, Burgulary of Inhabited Dewelling, and False Imprisonment. B.) There were other suspects that were not mentioned in the warrant. C.) Exculputory and Impeachment evidence, physical evidence, and scientific evidence was ommitted from the warrant.
Forbes knew if he would have placed all the above factors into the warrant application probable cause would have never existed, making the warrant application unreasonable. Forbes applied for the arrest warrant deliberately and recklessly made false statements or ommissions that were material to the finding of probable cause. The Judge would not have issued the warrant with false information redacted, or ommitted information restored; these were not reasonable mistakes. Absent of police misconduct, plaintiff would have not been charged in the first place. This warrant was approved by Sergeant Michael L. Barrow of the Baton Rouge Police Department.

30.) On April 25, 2016 Baton Rouge Police Department, State of Louisiana, Detective Adam Lea prepared arrest warrants for plaintiff and Ernst for: Simple Burgulary of Inhabited Dewelling, and Possesion of a Firearm by a Convicted Felon (Baton Rouge Police Department item #s: 28283-16; 28272-16). The arrest warrant for plaintiff was not facially valid: A.) Ernst was coerced and influenced into implicating plaintiff in the Simple Burgulary of Inhabited Dewelling, and Possesion of a Firearm by

5

a convicted Felon. B.) There were other suspects that were not mentioned in the warrant. C.) Exculputory and Impeachment evidence, physical evidence, and scientific evidence was ommitted from the warrant.

Lea knew if he would have placed all the above factors into the warrant application probable cause would have never existed, making the warrant application unreasonable. Lea applied for the arrest warrant deliberately and recklessly made false statements or ommissions that were material to the finding of probable cause. The judge would not have issued the warrant with false information redacted, or ommitted information restored; these were not reasonable mistakes. Absent of police misconduct, plaintiff would have not been charged in the first place. This warrant was approved by Darren Moses and Wroten Brumfield both of the Baton Rouge Police Department. These cases were also investigated by Detective Michael Blondeau.

31.) On April 27, 2016 Baton Rouge Police Department, State of Louisiana, Detective Adam Alford prepared arrest warrants for plaintiff and Ernst for: Simple Burgulary of Inhabited Dewelling (Baton Rouge Police Department Item #s: 34209-16; 34226-16; 34172-16). The arrest warrant for plaintiff was not facially valid: A.) Ernst was coerced and influenced into implicating plaintiff in the Simple Burglaries of Inhabited Dewelling. B.) There were other suspects that were not mentioned in the warrant. C.) Exculputory and Impeachment evidence, physical evidence, and scientific evidence was ommitted from the warrant.

Alford knew if he would have placed all the above factors into the warrant application probable cause would have never existed, making the warrant application unreasonable. Alford applied for the arrest warrant deliberately and recklessly made false statements or ommissions that were material to the finding of probable cause. The judge would not have issued the warrant with false information redacted, or ommitted information restored; these were not reasonable mistakes. Absent of police misconduct, plaintiff would have never been charged in the first place. This warrant was approved by Darren Moses of the Baton Rouge Police Department. These cases were Detective Michael Blondeau and Detective Adam Lea.

32.) On May 3, 2016 Baton Rouge Police Department, State of Louisiana, Detective Joseph Nealond prepared arrest warrants for plaintiff and Ernst for: Unauthorized use of a Motor Vehicle (Baton Rouge Police Item # 34189-16). The arrest warrant for plaintff was not facially valid: A.) Ernst was coerced and influenced into implicating plaintiff in the ~~Simple~~ Unauthorized use of a Motor Vehicle. B.) There were other suspects not mentioned in the warrant. C.) Exculputory and Impeachment evidence, physical evidence, and scientific evidence was ommitted from the warrant.

Nealond knew if he would have placed all the above factors

6

into the warrant application probable cause would have never existed, making the warrant application unreasonable. Nealond applied for the arrest warrant deliberately and recklessly made false statements or ommissions that were material to the finding of probable cause. The Judge would not have issued the warrant with false information redacted, or ommitted information restored; these were not reasonable mistakes. Absent of police misconduct, plaintiff would have never been charged in the first place. This warrant was approved by Ira Roberts and Darren Moses both of the Baton Rouge Police Department. These cases were also investigated by Adam Alford.

33.) On August 2, 2016 East Baton Rouge District Attorneys Office, through Assistant District Attorney, Stephen N. Pugh filed a "Bill of Information" on plaintiff for, "Possession of Firearm By Convicted Felon." This became Case # 08-16-0255; District Attorney File # 09983-16. This case was turned over to Assistant District Attorney April Michelle Leon. The defendants prosecuted plaintiff with malice and without probable cause, and they did so for the purpose of denying plaintiff his freedom and life. A "Bill of Information" was filed on plaintiff with lack of probable cause, these were not reasonable mistakes.

34.) On August 22, 2016 East Baton Rouge District Attorneys Office, through Assistant District Attorney, Stephen N. Pugh filed a "Bill of Information" on plaintiff for, "Simple Burgulary of Inhabited Dewelling (Six Counts), Carjacking, Unauthorized Use of a Motor Vehicle (Baton Rouge item #s: 34180-16; 34189-16; 28272-16; 34226-16; 34209-16; 34180-16; 28283-16). This became Case # 08-16-0255; District Attorney File # 09983-16. This case was turned over to Assistant District Attorney April Michelle Leon. The defendants prosecuted plaintiff with malice and without probable cause, and they did so for the purpose of denying plaintiff his freedom and life. A "Bill of Information" was filed on plaintiff with lack of probable cause, these were not reasonable mistakes.

35.) Around March 2018 Brian Daniel Ernst changed his plea of "Not Guilty" to "Guilty" in Case # 08-16-0540 (Exact plea unknown).

36.) Plaintiff continually filed "Fast and Speedy Trial Motions", numerious times, into the Nineteenth Judicial District Court in Case #s: 08-16-0255 and 08-16-0540. The First Circuit Court of Appeals, State of Louisiana, Docket # 2019-KW-0916, **ORDERED** the Nineteenth Judicial District Court to: "... Commence trial on or before October 28, 2019 or Release plaintiff of his bond obligation, in accordance with Louisiana Code of Criminal Procedure..."

7

37.) In October 2019 (exact date unknown) the District Attorneys Office, through April Michelle Leon filed a "Motion To Continue" plaintiffs trial date of October 28, 2019.

38.) On October 25, 2019 the Nineteenth Judicial District Court heard the "Motion To Continue", the Court denied the motion. Subsequent to the "Motion to Continue" being denied, Leon dismissed all charges on plaintiff in open court for case #s: 08-16-0255 and 08-16-0540. Throughout all proceedings the District Attorneys Office misused the court process in attempt to obtain a result that is unlawful and/or beyond the process's of scope. Upon information and belief the defendants withheld exculpatory and impeachment evidence, no trial occurred and all charges were dismissed on plaintiff; the cumulative effort of the evidentiary suppression gives rise to a reasonable probably that its disclosure would have led to an immediately dismissal of all charges on plaintiff, the material level of importance is inescapable. These acts committed by the defendants were not reasonable mistakes.

39.) From the date defendant was arrested (June 28, 2016) until the date charges were dismissed (October 25, 2019) plaintiff was deprived of his freedom and life, thus inflicting an uncessary punishment on plaintiff.

B.

40.) The Nineteenth Judicial District Court appointed counsel to represent plaintiff in Case #s: 08-16-0255 and 08-16-0540 in September 2016. D. Carson Marcantel and Victor J. Woods was representation for plaintiff throughout the duration of all proceeding.

41.) D. Carson Marcantel represented plaintiff from September 2016 through September 15, 2017. Plaintiff was never scence by Marcantel to discuss the facts of the case, nor had any discussion with plaintiff. Plaintiff continually asked Marcantel to adopt the "Fast and Speedy Trial Motion" he filed into the Nineteenth Judicial District Court or to file a "Fast and Speedy Trial Motion" into the Nineteenth Judicial District Court. Marcantel continually denied/ignored plaintiffs request. Upon information and belief, Marcantel was cooperating with the District Attorneys Office to delay all proceedings and to delay plaintiff a "Fast and Speedy Trial".

42.) Victor J. Woods represented plaintiff from October 27, 2017 to October 25, 2019. Plaintiff was only scene by Woods once in October 2019 for approximately 45 minutes. Plaintiff continually asked Woods

8

to adopt the "Fast and Speedy Trial Motion" he filed into the Nineteenth Judicial District Court or to file a "Fast and Speedy Trial Motion" into the Nineteenth Judicial District Court. Woods continually denied/ignored plaintiff's request. Upon information and belief, Woods was cooperating with the district attorney's office to delay all proceedings and to delay plaintiff a "Fast and Speedy Trial."

43.) Upon information and belief the Office of Public Defender, through Michael A. Mitchell assigned D. Carson Marcantel and Victor J. Woods Jr. to represent plaintiff.

## RELIEF

44.) A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

45.) Compensatory damages in the amount of Two million dollars against each defendant, jointly and severally.

46.) Punitive damages in the amount of Four Million Dollars against each defendant, jointly and severally.

47.) A jury trial on all issues triable by jury,

48.) Plaintiff's costs in this suit, and

49.) Any additional relief this court deems just, proper, and equitable.

NOTE: Each defendant is sued individually and in his/her offically capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## II.

## PLAINTIFF

1.) Plaintiff: Raymond H. Kimble, III
Number: J.P.C.C. # 1000237229          LA DOC # 503830
Address: 100 Dolhonde Street
Date of Birth: November 29, 1985
Date of Arrest: April 20, 2016
Date of Conviction: None, as of October 13, 2020

## DEFENDANTS

2.) Defendant, (First Name unknown) Hayes, is employed as Correctional Officer at the Jefferson Parish Correctional Center. Address for service: 100 Dolhonde Street; Gretna, LA 70053.

3.) Defendant, (First Name unknown) Thompson, is employed as Correctional Officer at the Jefferson Parish Correctional Center. Address for service: 100 Dolhonde Street; Gretna, LA 70053.

4.) Defendant, Sue Ellen Monfra, is employed as Deputy Chief at the Jefferson Parish Correctional Center. She is legally responsible for the operation of the Jefferson Parish Correctional Center and for the welfare of all the inmates at the facility. Address for service: 100 Dolhonde Street; Gretna, LA 70053.

5.) Defendant, Joseph P. Lopinto, is employed as Sheriff of the Jefferson Parish Sheriffs Office. He is legally responsible for the overall operation of the Jefferson Parish Correctional Center. Address for service: 100 Dolhonde Street; Gretna, LA 70053 and/or 1233 Westbank Expressway; Harvey, LA 70058.

6.) Defendant, Jefferson Parish Sheriffs Office, State of Louisiana. Address for service: ~~100 Dolhonde Street; Gretna, LA~~ 1233 Westbank Expressway; Harvey, LA 70058

7.) Each defendant is sued individually and in his/her offical capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

# Statment of Claim

8.) At all times relevant to this claim plaintiff was at the Jefferson Parish Correctional Center on Dorms 2aL and 4aL.

9.) On March 5, 2020 defendant, (First Name Unknown) Hayes, was assigned to 2aL to supervise the dorm between 1400 Hours and 2200 Hours.

10.) On March 5, 2020 at or around 1730 Hours plaintiff proceeded from his cell to take a shower. On the way to the shower Hayes asked plaintiff, in paraphrase, "Show me your penis while you are in the shower." Plaintiff told Hayes, "No!" Hayes then told plaintiff, in paraphrase, "I will write you up if you don't show me your penis." Plaintiff then walked away from Hayes.

11.) While plaintiff was in the shower Hayes approched the window and shined his flashlight into the shower to get plaintiffs attention. (There is a window the offices can look through by the bathroom area, where the offices can look into the shower. The inmate will have to open the curtain for the officer to see in the shower.) When plaintiff peeped his head out the shower curtain, Hayes gestured to plaintiff that he was going to write plaintiff up if plaintiff did not show Hayes his penis. At that point plaintiff opened the shower curtain more so Hayes could see plaintiffs penis.

12.) On March 5, 2020 at or around 1830 Hours Hayes asked another inmate, John Doe(1), to show him his penis. Hayes asked John Doe(1) numerious times throughout the day to see his penis. Hayes attempted to bribe John Doe(1) to see his penis by providing John Doe(1) with items from the deputies snack machine and his personal phone number.

13.) On March 5, 2020 at or around 2130 Hours Hayes locked down the entire dorm for shift change, with the exception of plaintiff, due to plaintiff being the podman. The podman is allowed to stay out to ~~past~~ pass the cleaning supplies to each cell.

14.) On March 5, 2020 at or around 2140 Hours Hayes opened John Doe(2) cell door and opened the door to 2aL. Hayes entered the dorm and went to John Doe(2) cell and stroked and put John Doe(2) penis in his (Hayes) mouth. John Doe(1) witness this take place.

11

15.) On March 5, 2020 at or around 2145 hours plaintiff went and spoke with John Doe(2). John Doe(2) informed plaintiff, in paraphrase, "Hayes threatened me, and made me put my penis in his mouth."

16.) On March 5, 2020 at or around 2205 hours shift change and the night watch deputy relieved Hayes. Plaintiff informed the night watch deputy what Hayes did on the previous shift. Plaintiff ~~informed~~ requested to speak with a Ranking officer, the night watch deputy informed security administrations of the incident.

17.) On March 6, 2020 at or around 0100 hours, plaintiff, John Doe(1), and John Doe(2) spoke with Jefferson Parish Sheriffs Detectives at the Jefferson Parish Correctional Center in reference to this claim. The Detectives took DNA swabs from John Doe(2)'s penis. John Doe(1) gave the detectives the items Hayes gave him from the deputies snack machine and the phone number Hayes provided him with.

18.) On March 6, 2020 at or around 1300 hours and 2000 hours plaintiff, John Doe(1), and John Doe(2) were brought to the Jefferson Parish Sheriffs Office Detective Bureau to give further statements in reference to this claim. Hayes was subsequently arrested in reference to this claim, by the Jefferson Parish Sheriffs Office.

19.) On March 9, 2020 plaintiff requested to speak with Mental Health. Plaintiff spoke with Mental Health about being sexually harassed and/or raped by Hayes. Plaintiff is now experiencing anxiety and paranoia, in reference to this claim, espically being around male deputies. The anxiety and paranoia have only gotten worst since the date of this incident.

20.) On March 9, 2020 plaintiff filed a grievance in reference to this claim. (Grievance # 2003032)

21.) On March 16, 2020 Captain Aaron Wilkie "founded" ~~the~~ the grievance (Grievance # 2003032) and necessary action was taken.

B.

22.) The following is related to numbers 8 - 21. This is retaliation for plaintiff filing a P.R.E.A against Hayes.

23.) On March 11, 2020 at or around 1430 hours Deputy Troyclair informed plaintiff that he needed to pack up to be moved. **Note:**

12

Plaintiff was on Dorm 2aL.

24.) On March 11, 2020 at or around 1400 Hours Troxclair began to serve the dorm dinner, at that point plaintiff went to eat.

25.) On March 11, 2020 at or around 1445 Hours, defendant, (First Name Unknown) Thompson came to 2aL dorm to move plaintiff. Plaintiff informed Thompson, in paraphrase, "I am eating and will need more time to pack up." Plaintiff also informed Thompson, when plaintiff is moved from one dorm to another a cart is normally provided so that all plaintiffs item will be brought with him in one trip. Thompson told plaintiff, in a very hostile manner, in paraphrase, "There will be no courtesies for you!" Thompson opened plaintiffs cell and instructed him to go finish packing. Troxclair was present and maybe Deputy Phelphs both while all this was taking place.

26.) On March 11, 2020 at or around 1450 Hours Thompson went on 2aL and started rushing plaintiff to move faster, Thompson was very hostile screaming and yelling at plaintiff. When Thompson went into plaintiffs cell, plaintiff showed him, two heavey boxes and other property that was wrapped in a blanket. Again plaintiff asked for a cart. Thompson informed plaintiff, in paraphrase, "If you don't carry everything what ever is not taken will be left behind." When Thompson seen plaintiff sheet still on the mattress he told plaintiff, in paraphrase, "Take the sheet off the mattress, you don't deserve a good mattress." The mattress was just issued by S.I.U.

27.) On March 11, 2020 at or around 1555 Hours plaintiff carried both boxes into the hallway, one at a time, and stacked them on top eachother. Thompson then handcuffed plaintiff to the front and instructed him to grab both of the boxes. (The Boxes are 24" x 12" x 12" each) Due to plaintiff being handcuffed to the front and not being able to grab the boxes, Thompson instructed plaintiff to hold out his arms. Thompson grabbed both boxes at the same time and threw the boxes on plaintiffs arms, handcuffed! As soon as Thompson threw the boxes on plaintiffs arms, his back instantly began to hurt. The only reason plaintiff maintained balance when the boxes were thrown on him was due to the blanket full of items that was on plaintiffs back. Plaintiff asked Thompson, "What is your problem with me?" Thompson stated, "You know what you did, didn't you report something?" (Refering to the P.R.E.A with Hayes) Plaintiff continually informed Thompson that, the boxes were hurting his back, Thompson told plaintiff, "If the boxes are left

13

you will not get the boxes back, the boxes will be thrown away." **Note:** These two boxes contained plaintiffs criminal case, very important documents. Due to these documents being so valuable and in fear that the documents will be distroied, plaintiff allowed for his back to continue hurting by carrying the boxes. Troyclair was present during all this.

28.) When Thompson and plaintiff reached the northwing controal corridor, while waiting on the elevator to get to the 2nd floor, plaintiff asked Thompson, "Could you take the boxes down as we wait for the elevator?" Thompson responded," I am not helpping you!" Plaintiff informed him again the boxes were hurting his back.

29.) Thompson made plaintiff carry the boxes all the way to the 4th floor, for at least 4 to 5 mintues. When plaintiff made it to the 4th floor plaintiffs arms gave out and the boxes fell to the floor. Plaintiffs back was in extream pain at this point. Deputy Roussel observed what was going on due to all the commotion. Once the boxes fell and Thompson realized plaintiff could not carry the boxes no more, he unhandcuffed plaintiff and allowed plaintiff to carry the boxes one at a time to 4aL (Administration Segregation). Thompson then gave plaintiff a very thin mattress, to continue the malicious act.

30.) Plaintiff was moved from 2aL to 4aL due to the P.R.E.A. He filed on Hayes, a act of retaliation. Due to these acts of the facility and deputies, plaintiff is afraid to speak with mental health about the sistuation and tell them how he feels due to the fear of being placed back on Administrative Segregation. Due to the facility punishing plaintiff for filing a P.R.E.A. against a deputy, plaintiff will never file another P.R.E.A. complaint again reguardless of how severe the P.R.E.A. is!

31.) On March 12, 2020 plaintiff filed a sick call reguarding his back hurting for reasons of numbers 22-29. Plaintiffs back was hurt and stiff, **plaintiff still experiences pains from this sistuation in his back.**

32.) On March 15, 2020 plaintiff filed a grievance in reference to numbers 22-31. (Grievance #2003071)

33.) On May 4, 2020 Captain Aaron Wilkie "founded" the Grievance (Grievance #2003071) and necessary action was taken. Throughout

14

the process of the Grievance the two Boxes were weighed, both of the Boxes totaled around eighty pounds.

# RELIEF

34.) If this sole Complaint is not filed within the proper jurisdiction and venue, it is asked of this Court to transfer this sole complaint to the proper jurisdiction and venue.

35.) A declaration that the acts and omissions described herein violated plaintiff's Rights under the constitution and laws of the United States.

36.) Compensatory damages in the amount of Two million dollars against each defendant, jointly and severally.

37.) Punitive damages in the amount of four million dollars against each defendant, jointly and severally.

38.) A jury trial on all Issues Triable By jury.

39.) Plaintiff's Cost in this suit, and

40.) Any additional relief this Court deems just, proper, and equitable.

41.) Any additional Relief this Court deems just, proper, and equitable.

# III.

# PLAINTIFF'S DECLARATION

I Declare Under penality of perjury that all facts represented in this complaint and any attachments hereto are true and correct.

I understand that if I am released or ~~transfored~~ transfferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

I understand that I am prohibited from bringing a Civil Action

15

in forma pauperis if I have brought three or more civil actions in a court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that they were frivolous, malicious, or failure to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical ~~harm~~ injury.

I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire $400.00 filing fee and any costs assessed by the court, which shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

Signed this 15th day of October, 2020.

*[signature]*

Raymond H. Kimble, ~~III~~
#1000237229
J.P.C.C. Inmate Housing Area
100 Dolhonde Street
Gretna, LA 70053