UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                                              **CIVIL ACTION**

**VERSUS**                                                                      **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

**RULING AND ORDER**

On or about October 10, 2020, the plaintiff filed a Complaint (R. Doc. 1) against defendants Moor, Leon, Pugh, Mitchell, Marcantel, Woods, Forbes, Barrow, Alford, Blondeau, Lee, Moses, Nealand, Brumfield, Roberts, Doe, DeRoche, Parent, the Baton Rouge Police Department, the City of Baton Rouge, the East Baton Rouge Sheriff's Office, and the Parish of East Baton Rouge. Therein the plaintiff asserts claims for false arrest/imprisonment, and malicious prosecution based on events occurring between April of 2016 through October of 2019.

The plaintiff's Complaint is also filed against defendants Hayes, Thompson, Monfra, Lopinto, and the Jefferson Parish Sheriff's Office. The plaintiff asserts claims against these defendants for sexual assault and retaliation based on events occurring in March of 2020.

Under Rule 20(a)(2), permissive joinder of defendants is proper if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

In other words, "Rule 20 requires that all of the [plaintiff's] claims arise out of the same transaction or occurrence and there is a common issue of fact or law." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 n.11 (5th Cir. 1995). However, "[i]n the absence of a

R. Kimble (a copy of his complaint mailed with this Ruling and Order )

connection between Defendants' alleged misconduct, the mere allegation that plaintiff was injured by all defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)." *Peterson v. Regina*, 935 F.Supp.2d 628, 638 (S.D.N.Y. Mar. 28, 2013)(quoting *Deskovic v. City* of *Peekskill*, 673 F.Supp.2d 157, 167 (S.D.N. Y 2009)).

In the event of misjoinder, the court may sever the claims against the misjoined party pursuant to Fed. R. Civ. P. Rule 21. Rule 21 of the Federal Rules of Civil Procedure provides the following:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, or just terms, add or drop a party. The court may also sever any claim against any party.

As set forth in Rule 21, to remedy improperly joined parties, the court should not dismiss the action outright. However, the Court "may, at any time, on just terms, add or drop a party." *West Coast Productions, Inc. v. Swarm Sharing Hash Files*, No. 6:12-cv-1713, 2012 WL 3560809, *2 (W.D. La. Aug. 17, 2012).

Additionally, in the context of prisoner-litigation, "[r]equiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and ... ensures that prisoners pay the fees required under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) for each suit." *Spurlock v. Jones*, Docket No. 16-cv-1031, 2016 WL 7436478, *3 (W.D. La. Oct. 19, 2016). In this case, a determination as to any fees the plaintiff may be required to pay has not yet been made.

In the instant matter, the plaintiff's claims against the two groups of defendants do not satisfy the requirements for permissive joinder. The claims against the defendants do not arise out of the same transaction or occurrence, and do not share common questions of law or fact. Accordingly,

**IT IS ORDERED** that the plaintiff's claims against defendants Hayes, Thompson, Monfra, Lopinto, and the Jefferson Parish Sherriff's Office are **SEVERED** into a separate case.

**IT IS FURTHER ORDERED** that, within, 21 days of the date of this Order, the plaintiff shall file an amended complaint in this litigation against defendants Moor, Leon, Pugh, Mitchell, Marcantel, Woods, Forbes, Barrow, Alford, Blondeau, Lee, Moses, Nealand, Brumfield, Roberts, Doe, DeRoche, Parent, the Baton Rouge Police Department, the City of Baton Rouge, the East Baton Rouge Sheriff's Office, and the Parish of East Baton Rouge.

**IT IS FURTHER ORDERED** that, within 21 days of the date of this Order, the plaintiff shall file a new complaint against defendants Hayes, Thompson, Monfra, Lopinto, and the Jefferson Parish Sherriff's Office.  The captions of the amended complaint and new complaint must contain only the name of the plaintiff and the specific defendants being sued in that particular litigation.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward the plaintiff a copy of his Complaint (R. Doc. 1) with a copy of this Ruling and Order.

Signed in Baton Rouge, Louisiana, on February 5, 2021.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**