UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                                     CIVIL ACTION

**VERSUS**                                                  NO. 20-708-JWD-RLB

**HILLAR C. MOORE, III, ET AL.**

**ORDER**

Before the Court is the plaintiff's Motion to Substitute Party (R. Doc. 40), wherein the plaintiff seeks to change the name of defendant John Doe to Carl DaBadie, Jr.

With regards to any claims the plaintiff may be asserting against DaBadie in his official capacity, to assert a claim of municipal liability under Section 1983, a plaintiff must adduce sufficient factual matter to satisfy three elements: (1) the existence of an official policy or custom; (2) a policymaker with final policymaking authority; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant County, Tex.,* 565 F.3d 214, 227 (5th Cir. 2009). Municipal liability cannot be established by a theory of *respondeat superior. Monell,* 436 U.S. at 691. Instead, the plaintiff must point to some official policy or custom that caused their constitutional harm. *Id.* The Fifth Circuit Court of Appeals has unanimously defined an official policy for Section 1983 purposes as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir. 1984).

With regards to individual liability, in order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any implied allegation that this defendant is responsible for the actions of his subordinates or co-employees is alone insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. *Lozano v. Smith, supra*.

In the instant matter, the plaintiff makes no allegations whatsoever with regards to any action or inaction on the part of Carl DaBadie, Jr. Nor has the plaintiff submitted a proposed amended complaint setting forth any allegations against DaBadie. It is within the Court's discretion to deny a motion to amend if it is futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). Amendment as proposed would be futile due to the plaintiff's failure to state a claim against DaBadie. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 40) is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 28, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**