UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                                    **CIVIL ACTION**

**VERSUS**                                                 **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

### ORDER

Before the Court is a Motion to Set Aside Clerk's Entry of Default (R. Doc. 60) filed on behalf of defendant Victor J. Woods, Jr. The Motion is not opposed.

On May 11, 2021 defendant Woods was served. *See* R. Doc. 37. The defendant failed to file responsive pleadings and, on August 2, 2021, the Clerk of Court entered the default of defendant Woods, and others. *See* R. Doc. 58.

Six days later, defendant Woods filed the instant motion, wherein counsel for the defendant asserts that the entry of default should be set aside because the delay in filing responsive pleadings was not willful. Defendant Woods asserts that there was initial confusion regarding whether he was required to personally respond or if the public defender's office would respond on his behalf. Additionally, the summons was received during a changeover of staff and was inadvertently not noted on the defendant's calendar. Defendant Woods further asserts that there would be no prejudice to the plaintiff, and the defendant has a meritorious defense to the plaintiff's claims.[1]

"The court may set aside an entry of default for good cause." Federal Rule of Civil Procedure 55(c). "We are mindful that 'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party

---

[1] The defendant filed a Motion to Dismiss (R. Doc. 61) on the same date the instant Motion was filed.

to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). "In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether settling it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.* These factors are not exclusive, and another factor includes if defendant acted expeditiously to correct the default. *Id.* "When ... a defendant's neglect is at least a partial cause of its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence." *In re Chinese-Manufactured Drywall Products*, 742 F.3d 576, 594 (5th Cir. 2014).

Here, the above factors weigh in favor of setting aside the entry of default. First, the defendant's default does not appear willful. Second, the Court does not believe that the plaintiff would be prejudiced by having to prove the merits of his claims, particularly considering the fact that this case has no trial date set. Third, it appears that defendant may have a meritorious defense to the federal claims pending against him. And fourth, the defendant acted expeditiously in correcting the problem. The entry of default occurred on August 2, 2021, and the defendant filed the instant Motion and a Motion to Dismiss only days later. *See* R. Docs. 58 and 60.

In sum, defendant Woods has demonstrated that setting aside the entry of default is appropriate. Accordingly,

**IT IS ORDERED** that defendant's Motion (R. Doc. 60) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on November 17, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**