UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND KIMBLE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-708-JWD-RLB** |
| **HILLAR C. MOORE, III, ET AL.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 17, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss filed on behalf of Defendants Sid J. Gautreaux, III and East Baton Rouge Sheriff's Office (R. Doc. 48). The Motion is opposed. *See* R. Doc. 50.

The *pro se* Plaintiff, an inmate currently confined at the Jefferson Parish Correctional Center, Gretna, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants[1] alleging that his constitutional rights were violated due to false arrest, false imprisonment, and malicious prosecution. He seeks declaratory and monetary relief.

Defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

---

[1] The 24 defendants named in the plaintiff's Amended Complaint are: District Attorney Hillar C. Moore, Assistant District Attorney April Michelle Leon, Assistant District Attorney Stephen N. Pugh, Nineteenth Judicial District Attorneys Office, Public Defender Michael A. Mitchell, Office of the Public Defender, Public Defender D. Carson Marcantel, Public Defender Victor J. Woods, Jr., Detective David DeRoche, Detective Darren Parent, Detective Danny Forbes, Detective Adam Alford, Detective Michael Blondeau, Detective Adam Lea, Detective Joseph Nealand, Sgt. Michael L. Barrow, Daren Moses, Wroten Brumfield, Ira Roberts, Chief of Police Doe, Baton Rouge Police Department, City of Baton Rouge, East Baton Rouge Sheriff's Office, and Parish of East Baton Rouge.

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges the following:  On April 15, 2016, Brian Ernst was arrested. Between April 15, 2016 and April 21, 2016 detectives DeRoche and Parent coerced Ernst into implicating the plaintiff in several crimes. On April 21, 2016, the plaintiff was questioned by detectives Alford, Blondeau, and Lea. Between April 21, 2016 and May 3, 2016, arrest warrants were prepared by detectives Forbes, Lea, Alford, and Nealand and were approved by Sgt. Barrow, and officers Moses, Brumfield, and Roberts. All of the warrants

were facially invalid because Ernst was coerced, there were other suspects not mentioned in the warrants, and exculpatory, physical, and scientific evidence were withheld from the warrants. In applying for the warrants detectives Forbes, Lea, and Alford deliberately and recklessly made false statements and omissions material to the finding of probable cause. The plaintiff was arrested on June 28, 2016.

On August 2, 2016 and August 22, 2016, Bills of Information were filed by assistant district attorney Pugh. Sometime around March of 2018, Ernst pled guilty to certain charges. The plaintiff filed numerous speedy trial motions, and the Court was ordered to commence trial on or before October 28, 2019. Assistant District Attorney Leon moved to continue the trial date. On October 25, 2019, the motion to continue was denied. On the same date, all charges against the plaintiff were dismissed in open court by Leon.

Throughout the proceedings the plaintiff was represented by public defender Marcantel from September of 2016 through September of 2017, and by public defender Woods from October 27, 2017 to October 25, 2019. These attorneys were assigned by attorney Mitchell. Marcantel never met with the plaintiff and denied the plaintiff's requests to adopt his speedy trial motions. Woods met with the plaintiff only once in October of 2019, and also denied the plaintiff's requests to adopt his speedy trial motions. Marcantel and Woods were working with the district attorney's office to delay the proceedings and deny the plaintiff a speedy trial.

Defendant Gautreaux first moves for dismissal of the claims against him in his official capacity. A suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999). Therefore, to determine whether Plaintiff has stated such a claim, the Court must conduct a municipal liability analysis under *Monell v. Dep't*

*of Social Services of the City of New York,* 436 U.S. 658 (1978). *See Nowell v. Acadian Ambulance Service,* 147 F.Supp.2d 495, 501 (W.D. La. 2001) (citing *Turner v. Houma Mun. Fire and Police Civil Service Bd.,* 229 F.3d 478, 483 fn.10 (5th Cir. 2000)).

To assert a claim of municipal liability under Section 1983, a plaintiff must adduce sufficient factual matter to satisfy three elements: (1) the existence of an official policy or custom; (2) a policymaker with final policymaking authority; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant County, Tex.,* 565 F.3d 214, 227 (5th Cir. 2009). Municipal liability cannot be established by a theory of *respondeat superior. Monell,* 436 U.S. at 691. Instead, the plaintiff must point to some official policy or custom that caused their constitutional harm. *Id.* The Fifth Circuit Court of Appeals has unanimously defined an official policy for Section 1983 purposes as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984).

Whether an official has been delegated policymaking authority is a question of law for the judge. *Gros v. City of Grand Prairie, Tex.*, 181 F.3d 613, 617 (5th Cir. 1999). In making this determination, a court should consider state and local "positive law," as well as evidence of municipal "customs and usages." *See id.* at 616; *see also id.* at 616 n.2 (observing that the Supreme Court has rejected the principle of a "de facto" policymaker, but also determining that continuous refusal of actual policymaker to review decisions of subordinate official would, "at

some point," establish the subordinate official as the policymaking authority via custom or usage).

"Actual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (quoting *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) ). Elaborating on these requirements, the Fifth Circuit has stated:

> Actual knowledge may be shown by such means as discussions at council meetings or receipt of written information. Constructive knowledge may be attributed to the governing body on the ground that it would have known of the violations if it had properly exercised its responsibilities, as, for example, where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity. *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 808–09 (5th Cir. 2017) (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984) ).

Finally, "[t]o succeed [in alleging 'moving force' causation], 'a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (quoting *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) ). "That is, 'the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.' " *Id.* (quoting *Brown*, 520 U.S. at 411).

In the instant matter, Plaintiff's Complaint, as amended, is devoid of any such policy or practice allegations with regards to defendant Gautreaux. Additionally, Plaintiff has not alleged that a defendant Gautreaux is a policymaker with final policymaking authority. Plaintiff's allegations are devoid of any allegations against defendant Gautreaux pointing to an official

policy or custom that caused the alleged constitutional violation. Accordingly, Plaintiff's Complaint fails to state a claim against defendant Gautreaux in his official capacity.

With regards to Plaintiff's claims asserted against the defendants in their individual capacities, section 1983 only imposes liability on a "person" who violates another's constitutional rights under color of law. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether a person or entity can be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as an "entity to which the law attributes personality, such as a corporation or partnership." *See* La. Civ. Code Ann. art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Additionally, a parish or municipal jail is "not an entity, but a building." *Savoy v. St. Landry Parish Council*, 2008 WL 4822269 at *3 (W.D. La. Oct. 10, 2008). As such, the plaintiff's Complaint, as amended, fails to state a claim against defendant East Baton Rouge Sheriff's Office.

In order for a prison official to be found liable under § 1983 in their individual capacity, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a]

supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768. Plaintiff has made no such allegations as to defendant Gautreaux. As such, Plaintiff has failed to state a claim against defendant Gautreaux in his individual capacity.

## RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss (R. Doc. 48) be granted, dismissing the plaintiff's claims against defendants Gautreaux and East Baton Rouge Sheriff's Office with prejudice. It is further recommended that this matter be referred back to the magistrate judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on November 17, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**