UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                                                       **CIVIL ACTION**

**VERSUS**                                                                              **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 17, 2021.

 _____
 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                    **CIVIL ACTION**

**VERSUS**                    **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss filed on behalf of Defendant Carson Marcantel (R. Doc. 53). The Motion is not opposed.

The *pro se* Plaintiff, an inmate currently confined at the Jefferson Parish Correctional Center, Gretna, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants[1] alleging that his constitutional rights were violated due to false arrest, false imprisonment, and malicious prosecution. He seeks declaratory and monetary relief.

Defendant asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678,

---

[1] The 24 defendants named in the plaintiff's Amended Complaint are: District Attorney Hillar C. Moore, Assistant District Attorney April Michelle Leon, Assistant District Attorney Stephen N. Pugh, Nineteenth Judicial District Attorney's Office, Public Defender Michael A. Mitchell, Office of the Public Defender, Public Defender D. Carson Marcantel, Public Defender Victor J. Woods, Jr., Detective David DeRoche, Detective Darren Parent, Detective Danny Forbes, Detective Adam Alford, Detective Michael Blondeau, Detective Adam Lea, Detective Joseph Nealand, Sgt. Michael L. Barrow, Daren Moses, Wroten Brumfield, Ira Roberts, Chief of Police Doe, Baton Rouge Police Department, City of Baton Rouge, East Baton Rouge Sheriff's Office, and Parish of East Baton Rouge.

*quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges the following:  On April 15, 2016, Brian Ernst was arrested. Between April 15, 2016 and April 21, 2016 detectives DeRoche and Parent coerced Ernst into implicating the plaintiff in several crimes. On April 21, 2016, the plaintiff was questioned by detectives Alford, Blondeau, and Lea. Between April 21, 2016 and May 3, 2016, arrest warrants were prepared by detectives Forbes, Lea, Alford, and Nealand and were approved by Sgt. Barrow, and officers Moses, Brumfield, and Roberts. All of the warrants were facially invalid because Ernst was coerced, there were other suspects not mentioned in the

warrants, and exculpatory, physical, and scientific evidence were withheld from the warrants. In applying for the warrants detectives Forbes, Lea, and Alford deliberately and recklessly made false statements and omissions material to the finding of probable cause. The plaintiff was arrested on June 28, 2016.

On August 2, 2016 and August 22, 2016, Bills of Information were filed by assistant district attorney Pugh. Sometime around March of 2018, Ernst pled guilty to certain charges. The plaintiff filed numerous speedy trial motions, and the Court was ordered to commence trial on or before October 28, 2019. Assistant District Attorney Leon moved to continue the trial date. On October 25, 2019, the motion to continue was denied. On the same date, all charges against the plaintiff were dismissed in open court by Leon.

Throughout the proceedings the plaintiff was represented by public defender Marcantel from September of 2016 through September of 2017, and by public defender Woods from October 27, 2017 to October 25, 2019. These attorneys were assigned by attorney Mitchell. Marcantel never met with the plaintiff and denied the plaintiff's requests to adopt his speedy trial motions. Woods met with the plaintiff only once in October of 2019, and also denied the plaintiff's requests to adopt his speedy trial motions. Marcantel and Woods were working with the district attorney's office to delay the proceedings and deny the plaintiff a speedy trial.

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "Fair attribution" means: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2)

"the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937. Of import, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

In the instant matter, Defendant Marcantel did not act under color of state law. *See Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (finding, where the plaintiff alleged that his counsel was ineffective "for allowing two fundamentally defective indictments to be prosecuted against him," that counsel was performing a lawyer's traditional function); *Amir-Sharif v. Dallas Cty. Pub. Defs. Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (finding, where a plaintiff was concerned with the "quality of legal assistance being provided to him by appointed counsel and the public defender[,]" that "the attorney defendants ... are not state actors for § 1983 purposes."); *Linn v. Saitin*, 575 F. App'x 531, 532 (5th Cir. 2014) (affirming, where the plaintiff alleged that a public defender and her supervisor rendered ineffective assistance, that the defendants were not state actors).[2]

---

[2] *See also Linn v. Saitin*, 575 F. App'x 531, 532 (5th Cir. 2014 (rejecting the plaintiff's argument that his counsel acted in concert with the prosecution because the plaintiff "made only generalized allegations of concerted action, which [were] insufficient to establish the existence of a conspiracy."); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (a plaintiff's "mere characterization" of a defendant's conduct "as conspiratorial or unlawful [does] not set out allegations upon which relief can be granted."); *Miller v. Graham*, 447 F. App'x 549, 551 (5th Cir. 2011) ("Miller has presented no specific facts showing an agreement between the private defendants and any state actor in this case.").

## RECOMMENDATION

It is recommended that the defendant's Motion to Dismiss (R. Doc. 53) be granted, dismissing the plaintiff's claims against defendant Carson Marcantel with prejudice. It is further recommended that this matter be referred back to the magistrate judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on November 17, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**