## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                                                              **CIVIL ACTION**

**VERSUS**                                                                                          **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 26, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                                                    **CIVIL ACTION**

**VERSUS**                                                                          **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss filed on behalf of Defendants Baton Rouge Police Department[1], City of Baton Rouge, Parish of East Baton Rouge, Danny Forbes, Adam Alford, Michael Blondeau, Adam Lea, Joseph Nealond, Michael Barrow, Darren Moses, Wroten Brumfield, and Ira Roberts (R. Doc. 49). The Motion is not opposed.

The *pro se* Plaintiff, an inmate currently confined at the Jefferson Parish Correctional Center, Gretna, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants[2] alleging that his constitutional rights were violated due to false arrest, false imprisonment, and malicious prosecution. He seeks declaratory and monetary relief.

Defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a

---

[1] Defendant Baton Rouge Police Department is included in the Motion's request for relief (R. Doc. 49, p.6) and a defense for this defendant was briefed in the accompanying Memorandum in Support (R. Doc. 49-1, p.7).

[2] The 24 defendants named in the plaintiff's Amended Complaint are: District Attorney Hillar C. Moore, Assistant District Attorney April Michelle Leon, Assistant District Attorney Stephen N. Pugh, Nineteenth Judicial District Attorney's Office, Public Defender Michael A. Mitchell, Office of the Public Defender, Public Defender D. Carson Marcantel, Public Defender Victor J. Woods, Jr., Detective David DeRoche, Detective Darren Parent, Detective Danny Forbes, Detective Adam Alford, Detective Michael Blondeau, Detective Adam Lea, Detective Joseph Nealand, Sgt. Michael L. Barrow, Daren Moses, Wroten Brumfield, Ira Roberts, Chief of Police Doe, Baton Rouge Police Department, City of Baton Rouge, East Baton Rouge Sheriff's Office, and Parish of East Baton Rouge.

right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges the following: On April 15, 2016, Brian Ernst was arrested. Between April 15, 2016 and April 21, 2016 detectives DeRoche and Parent coerced Ernst into implicating the plaintiff in several crimes. On April 21, 2016, the plaintiff was questioned by detectives Alford, Blondeau, and Lea. Between April 21, 2016 and

May 3, 2016, arrest warrants were prepared by detectives Forbes, Lea, Alford, and Nealand and were approved by Sgt. Barrow, and officers Moses, Brumfield, and Roberts. All of the warrants were facially invalid because Ernst was coerced, there were other suspects not mentioned in the warrants, and exculpatory, physical, and scientific evidence were withheld from the warrants. In applying for the warrants detectives Forbes, Lea, and Alford deliberately and recklessly made false statements and omissions material to the finding of probable cause. The plaintiff was arrested on June 28, 2016.

On August 2, 2016 and August 22, 2016, Bills of Information were filed by assistant district attorney Pugh. Sometime around March of 2018, Ernst pled guilty to certain charges. The plaintiff filed numerous speedy trial motions, and the Court was ordered to commence trial on or before October 28, 2019. Assistant District Attorney Leon moved to continue the trial date. On October 25, 2019, the motion to continue was denied. On the same date, all charges against the plaintiff were dismissed in open court by Leon.

In those criminal proceedings, the plaintiff was represented by public defender Marcantel from September of 2016 through September of 2017, and by public defender Woods from October 27, 2017 to October 25, 2019. These attorneys were assigned by attorney Mitchell. Marcantel never met with the plaintiff and denied the plaintiff's requests to adopt his speedy trial motions. Woods met with the plaintiff only once in October of 2019, and also denied the plaintiff's requests to adopt his speedy trial motions. Marcantel and Woods were working with the district attorney's office to delay the proceedings and deny the plaintiff a speedy trial.

Defendants assert, *inter alia*, that the plaintiff's claims asserted against them for false arrest and false imprisonment are prescribed. For a § 1983 action, the court looks to the forum state's personal-injury limitations period. *Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994).

In Louisiana, that period is one year.³ *Elzy v. Roberson,* 868 F.2d 793, 794 (5th Cir. 1989). On the other hand, federal law determines when a § 1983 claim accrues. *Moore,* 30 F.3d at 620.

In *Wallace v. Kato*, 549 U.S. 384 (2007), the plaintiff was detained without legal process. The police officers did not have a warrant for his arrest. The plaintiff was eventually tried and convicted but the charges were later dropped in April of 2002. Plaintiff filed suit in April of 2003. The Supreme Court characterized the plaintiff's claim as one for false imprisonment since the plaintiff was detained without legal process in January of 1994. As noted by the Court, false imprisonment ends once the victim becomes held pursuant to legal process. Therefore, the Court looked to when the plaintiff's false imprisonment ended to determine when his claim accrued. Anything occurring after that date the Court characterized as malicious prosecution. The Court concluded that the plaintiff's claim for false imprisonment accrued on the date he appeared before a magistrate judge and was bound over for trial.

In the instant matter, the plaintiff was arrested pursuant to a warrant. Similarly, the plaintiff in *Manuel v. City of Joliet, III*, 137 S. Ct. 911 (2017), was detained pursuant to legal process. The Court held that the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process. The plaintiff asserted that his claim was for malicious prosecution and accrued when the charges against him were dismissed. The defendant argued that the plaintiff's claim was for false arrest and that the claim accrued on the date of the initiation of legal process. The Court declined to decide the issue and left consideration of the issue to the Court of Appeals.

Following *Manuel*, the Fifth Circuit considered the issue in *Winfrey v. Rogers*, 901 F.3d 483 (5th Cir. 2018). The plaintiff in *Winfrey* was arrested after a jailhouse informant implicated

---

³ *See* Louisiana Civil Code article 3492.

the plaintiff. The affidavits used to obtain a warrant omitted the inconsistencies in the informant's statements, inconsistencies between the informant's statements and the evidence, and the fact that neither blood nor hair found at the scene matched the plaintiff. As noted by the Court, the accrual date for the plaintiff's claim depended on whether the claim more closely resembled false imprisonment or malicious prosecution. The defendant argued that the plaintiff's claim fell within *Wallace* and was a claim for false imprisonment. The Fifth Circuit determined that the plaintiff's claim was more like the tort of malicious prosecution because the plaintiff was arrested through the wrongful institution of legal process – an unlawful arrest pursuant to a warrant, issued through the normal legal process, that is alleged to contain numerous material omissions and misstatements, rather than false imprisonment – detention with no legal process. Therefore, the Court concluded that the plaintiff's claim accrued when his criminal proceedings ended in his favor.

The issue again came before the Supreme Court in *McDonough v. Smith*, 139 S. Ct. 2149 (2019). In *McDonough,* the defendant was appointed to investigate forged absentee ballots submitted in a primary election in Troy, New York. Smith, who harbored a grudge against McDonough, informed the press that McDonough was the primary target of his investigation and fabricated evidence to inculpate him. Specifically, the plaintiff alleged that Smith falsified affidavits, coached witnesses to lie, and orchestrated a suspect DNA analysis to link McDonough to the relevant ballot envelopes. Smith secured a grand jury indictment and McDonough was arrested. His first trial, where Smith presented fabricated testimony, ended in a mistrial. His second trial, where fabricated testimony was again presented, resulted in McDonough's acquittal.

The Court found that the plaintiff's fabricated-evidence claim was most analogous to the tort of malicious prosecution as it challenged the integrity of the criminal prosecution undertaken

pursuant to legal process. As such, the plaintiff's claim in *McDonough* accrued when the criminal proceedings against him terminated in his favor.

Also similar to the allegations in the instant case is *Fusilier v. Zaunbrecher*, 806 F. App'x. 280 (5th Cir. 2020). The plaintiff therein was arrested pursuant to a warrant granted based on false statements made by a sheriff's deputy. The Court found the facts to be similar to that of *Winfrey:* a warrant was issued, the warrant was signed by a judge in the usual course, the plaintiff was arrested pursuant to the warrant, the officer preparing the warrant knew that there was no probable cause to arrest the plaintiff, and the deputy was not honest in her statements that formed the basis for the warrant. Because the plaintiff was challenging an unlawful detention pursuant to a warrant that the defendants caused to be issued based on misstatements, the plaintiff's claim best fit a malicious prosecution analogy. The Court found that the district court was wrong to conclude that the plaintiff's claim accrued when he had a hearing in front of a magistrate judge. Rather, the Court concluded that his claim accrued when he was acquitted.

Plaintiff herein alleges that the warrants issued for his arrest were invalid because Ernst was coerced into implicating the plaintiff in a statement filled with inconsistencies, there were other suspects not mentioned in the warrants, and exculpatory, physical, and scientific evidence were withheld from the warrants. The plaintiff further alleges that in applying for the warrants detectives Forbes, Lea, and Alford deliberately and recklessly made false statements and omissions material to the finding of probable cause. Like the plaintiff in *Winfrey*, the plaintiff's claim is more like the tort of malicious prosecution because the plaintiff alleges he was arrested through wrongful institution of legal process – an unlawful arrest pursuant to a warrant, issued through the normal legal process, that is alleged to contain numerous material omissions and

misstatements, rather than false imprisonment – detention with no legal process, as was the circumstance considered in *Wallace*.

As such, the plaintiff's cause of action accrued on October 25, 2019, the date all charges against the plaintiff were dismissed in open court. Plaintiff filed his complaint on October 15, 2020, within the one-year statute of limitations set forth in Louisiana Civil Code article 3492. Hence, the plaintiff's claims are not barred by Louisiana's one-year prescriptive period for tort actions.

The defendants additionally assert that they are entitled to qualified immunity in connection with the plaintiff's claim. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Malicious prosecution is a cognizable Fourth Amendment claim upon which relief may be granted. "Since *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), it has been clearly established that a defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes "a false statement knowingly and intentionally, or

with reckless disregard for the truth" and (2) "the allegedly false statement is necessary to the finding of probable cause." *Id.* at 155–56, 98 S.Ct. 2674." *See Winfrey* at 494.

However, the plaintiff has failed to state a claim for malicious prosecution. In order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The plaintiff's allegations herein are devoid of factual content. Rather, the plaintiff's allegations are a mix between recitation of the elements of malicious prosecution and legal conclusions couched as factual allegations. For example, the plaintiff alleges that in applying for the warrants detectives Forbes, Lea, and Alford deliberately and recklessly made false statements and omissions material to the finding of probable cause. This allegation is a mere recitation of the elements of malicious prosecution and the plaintiff provides no factual allegations in support. The remainder of the plaintiff's allegations are similar. As such, defendants are entitled to qualified immunity with regards to the plaintiff's claims asserted against them in their individual capacities.

Turning to the plaintiff's official capacity claims, a suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999). Therefore, to determine whether the plaintiff has stated such a claim, the Court must conduct a municipal liability analysis under *Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658 (1978). *See Nowell v. Acadian Ambulance Service,* 147 F.Supp.2d 495, 501 (W.D. La. 2001) (citing *Turner v. Houma Mun. Fire and Police Civil Service Bd.,* 229 F.3d 478, 483 fn. 10 (5th Cir. 2000)).

"Section 1983 offers no *respondeat superior* liability." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). "Municipalities face § 1983 liability 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury....'" *Id.* (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). That is, "[a] municipality is liable only for acts directly attributable to it 'through some official action or imprimatur.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

To assert a claim of municipal liability under Section 1983, a plaintiff must adduce sufficient factual matter to satisfy three elements: (1) the existence of an official policy or custom; (2) a policymaker with final policymaking authority; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant County, Tex.,* 565 F.3d 214, 227 (5th Cir. 2009).

In the instant matter, the plaintiff's Complaint, as amended, is devoid of any allegations of an official policy or custom of defendant City of Baton Rouge or defendant Parish of Baton

Rouge. To the extent the plaintiff is asserting a municipal liability claim against any other moving defendant in their official capacity, he has not alleged any factual matter sufficient to satisfy the factual elements. Accordingly, the plaintiff's Complaint fails to state a claim against defendants in their official capacities[4].

## RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss (R. Doc. 49) be granted dismissing the plaintiff's claims against defendants Baton Rouge Police Department[5], City of Baton Rouge, Parish of East Baton Rouge, Danny Forbes, Adam Alford, Michael Blondeau, Adam Lea, Joseph Nealond, Michael Barrow, Darren Moses, Wroten Brumfield, and Ira Roberts with prejudice. It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on January 26, 2022.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4] Additionally, the Baton Rouge City Police Department is not a legal entity capable of being sued under § 1983. *See Green v. New Orleans Police Dep't,* No. CIV.A. 12-1992, 2013 WL 5739076, at *3 (E.D. La. Oct. 22, 2013). As such, the plaintiff's Complaint, as amended, fails to state a claim against defendant Baton Rouge City Police Department.

[5] Defendant Baton Rouge Police Department is included in the Motion's request for relief (R. Doc. 49, p.6) and a defense for this defendant was briefed in the accompanying Memorandum in Support (R. Doc. 49-1, p.7).