## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**  **CIVIL ACTION**

**VERSUS**  **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 28, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                                                                  **CIVIL ACTION**

**VERSUS**                                                                                            **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the plaintiff's Motion to Withdraw and/or Strike (R. Doc. 86) wherein the plaintiff requests that his claims against defendants Mitchell, Moses, Roberts, Barrow, Brumfield, Doe, Office of the Public Defender and the East Baton Rouge Sheriff's Office be dismissed without prejudice. No timely opposition has been filed. Accordingly, the motion is unopposed.

A review of the record reveals that the plaintiff's claims against defendants Moses, Roberts, Barrow, Brumfield, and the East Baton Rouge Sheriff's Office have been dismissed. As such, the plaintiff's Motion is moot with regards to these defendants. *See* R. Docs. 99 and 109.

With regards to defendants Mitchell, Doe, and the Office of the Public Defender, pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court may dismiss an action at the plaintiff's request. As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). And the mere fact that the plaintiff "may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (internal quotation omitted). The "purpose of the grant of discretion under Rule 41(a)(2) ... is primarily to prevent voluntary dismissals which unfairly

affect the other side[.]" 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 (3d ed. 2018 Update) (internal quotation omitted). Absent such a showing or other "evidence of abuse by the movant," the motion should be granted. *Elbaor*, 279 F.3d at 317. In the instant matter there is no apparent legal prejudice that will befall the dismissed defendants.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's Motion (R. Doc. 86) be granted in part, dismissing the plaintiff's claims against defendants Mitchell, Doe, and Office of the Public Defender, without prejudice. It is further recommended that, in all other regards, the plaintiff's motion be denied as moot. It is further recommended that the plaintiff's duplicate Motion (R. Doc. 111), filed with regards to defendants Mitchell, be denied as moot.

Signed in Baton Rouge, Louisiana, on July 28, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**