# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**        **CIVIL ACTION**

**VERSUS**             **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

## <u>NOTICE</u>

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Signed in Baton Rouge, Louisiana, on July 28, 2022.

            **RICHARD L. BOURGEOIS, JR.**
            **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RAYMOND KIMBLE, III                                   CIVIL ACTION

VERSUS                                                NO. 20-708-JWD-RLB

HILLAR C. MOORE, III, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the plaintiff's Motion to Dismiss (R. Doc. 89) wherein the plaintiff requests that his claims against defendants Hayes, Thompson, Monfra, Lopinto, and the Jefferson Parish Sheriff's Office be dismissed without prejudice, or alternatively transferred to the Eastern District of Louisiana. No timely opposition has been filed. Accordingly, the motion is unopposed.

On February 5, 2021, this Court ordered that the plaintiff's claims against said defendants be severed from the plaintiff's claims against all other defendants. The plaintiff was ordered to file two separate complaints. Specifically, the plaintiff was ordered to file one complaint against then defendants Moore, Leon, Pugh, Mitchell, Marcantel, Woods, Forbes, Barrow, Alford, Blondeau, Lee, Moses, Nealand, Brumfield, Roberts, Doe, DeRoche, Parent, the Baton Rouge Police Department, the City of Baton Rouge, the East Baton Rouge Sheriff's Office, and the Parish of East Baton Rouge, and one complaint against defendants Hayes, Thompson, Monfra, Lopinto, and the Jefferson Parish Sheriff's Office. *See* R. Doc. 8.

On or about February 24, 2021, the plaintiff filed his Amended Complaint against defendants Moore, et al. The plaintiff has not filed a separate complaint against defendants Hayes, Thompson, Monfra, Lopinto, and the Jefferson Parish Sheriff's Office in this Court as ordered. Rather, the plaintiff filed a Complaint against these defendants in the Eastern District of

Louisiana. That Complaint was dismissed as the plaintiff's claims, though severed, were still pending in this Court. *See* Civil Action 21-cv-409 (E.D. La.).

The plaintiff now seeks to have the severed claims dismissed. Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court may dismiss an action at the plaintiff's request. As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). And the mere fact that the plaintiff "may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (internal quotation omitted). The "purpose of the grant of discretion  under Rule 41(a)(2) ... is primarily to prevent voluntary dismissals which unfairly affect the other side[.]" 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 (3d ed. 2018 Update) (internal quotation omitted). Absent such a showing or other "evidence of abuse by the movant," the motion should be granted. *Elbaor*, 279 F.3d at 317. In the instant matter there is no apparent legal prejudice that will befall the dismissed defendants.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's Motion to Dismiss (R. Doc. 89) be granted, dismissing the plaintiff's claims against defendants Hayes, Thompson, Monfra, Lopinto, and the Jefferson Parish Sheriff's Office, without prejudice. It is further recommended that, in all other regards, the motion be denied. It is further recommended that the plaintiff's duplicate Motion to Dismiss (R. Doc. 112) be denied as moot.

Signed in Baton Rouge, Louisiana, on July 28, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**