## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                                    **CIVIL ACTION**

**VERSUS**                                                         **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 29, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                                                       **CIVIL ACTION**

**VERSUS**                                                                            **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the remaining defendants' Motion to Dismiss or, alternatively, for Summary Judgment (R. Doc. 171). The Motion is not opposed.

The *pro se* Plaintiff, an inmate currently confined at Allen Correctional Institute, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants[1] complaining that his constitutional rights were violated due to the use of false statements and omissions by defendants Deroche and Parent to obtain warrants for his arrest. He seeks monetary, declaratory, and injunctive relief.

On June 2, 2023, defendants filed a Proposed Pretrial Order (R. Doc. 167). In the Proposed Pretrial Order defendants raised certain issues regarding jurisdiction, venue, the *Heck* bar, qualified immunity, and prescription. Defendants were granted leave to file appropriate motions within 14 days. The instant Motion (R. Doc. 171) was filed on September 20, 2023.

Defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff's Amended Complaint (R. Doc. 136) fails to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual

---

[1] The only remaining defendants are David Deroche and Darren Parent.

allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

### Plaintiff's Allegations

On January 26, 2022, the plaintiff was granted leave to file an amended complaint after the Magistrate Judge found that the plaintiff's proposed amended complaint may state a claim against defendants Deroche and Parent. Although defendants assert that his allegations are

confusing, in his Complaint, as amended (R. Doc. 136), the plaintiff alleges the following: In June and July of 2015, several burglaries occurred in Jefferson and Orleans parishes. Johnson was identified as a suspect, and defendant Parent believed that DeLuane was an accomplice. Defendant Deroche later suggested in a report that the plaintiff was Johnson's accomplice. Despite DeLuane having an extensive criminal history and being identified as a friend of Johnson, defendant Deroche continued to seek information solely about the plaintiff and did not seek any additional information about DeLuane.

Subsequently more burglaries occurred across several parishes. Some of the stolen property was recovered from the home of Meseroles, who identified Ernst as the person who gave him the property. Meseroles could not identify the plaintiff in photographic lineup. Defendants Parent and Deroche searched the home of Ernst and recovered stolen property. When questioned, Ernst stated that the stolen property had been given to him by Blue. Despite defendant Parent's continuous attempts to have Ernst implicate the plaintiff, Ernst stated that the plaintiff was not involved in the burglaries and had not seen the stolen property.

On April 14, 2016, defendant Deroche prepared arrest warrants for the plaintiff and Ernst and falsely stated therein that Meseroles identified the plaintiff in a photographic lineup, and that Ernst implicated the plaintiff in certain burglaries.

Ernst was then interviewed a second time and implicated the plaintiff in certain burglaries after defendant Deroche continuously told Ernst that the plaintiff was a snake, instructed Ernst that his roommate had nothing to do with any of the burglaries, and solely sought information about the plaintiff. Ernst was then allowed to call his sister and discuss what she should tell the detectives about the plaintiff.

On April 20, 2016, the plaintiff and Ernst were arrested. Ernst's sister, Malbrough, later told the detectives that she would need to check her work schedule to see if the plaintiff was working with her on the dates in question. Deroche became angry and told Malbrough that she didn't need to know the dates because he did not want Malbrough to provide an alibi for the plaintiff. Throughout the rest of the interview, Deroche instructed Malbrough as to what to say. In May of 2016, the plaintiff was implicated by Johnson in certain burglaries. The plaintiff was then implicated by Ernst in other burglaries.

Plaintiff was arrested based on the affidavits drafted by defendant Deroche wherein Deroche, after coaching and bribing witnesses, included false statements and made numerous omissions. The plaintiff's DNA did not match the DNA samples obtained in the various cases, nor did his fingerprints. The numerous conflicting statements of the witnesses were not mentioned, nor that witnesses saw a tall white male fitting Johnson's description, that Johnson had pawned jewelry belonging to the victims, that Johnson was found in a car used at one or more of the burglaries, and that defendant Parent identified DeLaune as the accomplice. In the affidavit used to obtain the arrest warrant, Defendant Deroche only mentioned Johnson's later statement wherein he implicated the plaintiff. In the other affidavit, Deroche does not mention Ernst, who has a similar build as the plaintiff, and was found in possession of stolen property.

**Qualified Immunity**

In response to the plaintiff's allegations, Defendants assert that they are entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether,

taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that Defendants' motion should be granted, in part. Plaintiff's allegations, accepted as true, fail to state a claim against defendant Parent.

Defendants assert that the existing law at the time did not inform the defendants that their actions violated the plaintiff's constitutional rights because the right of a plaintiff to bring a Fourth Amendment malicious prosecution claim was not recognized by the Supreme Court until April of 2022 in *Thompson v. Clark*, 596 U.S. 36, 42 (2022). In *Thompson*, however, the Court recognized:

> He brought a Fourth Amendment claim under § 1983 for malicious prosecution, sometimes referred to as a claim for unreasonable seizure pursuant to legal process. This Court's precedents recognize such a claim. See *Manuel* v. *Joliet*, 580 U.S. 357, 363–364, 367–368, 137 S.Ct. 911, 197 L.Ed.2d 312 (2017); *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (plurality opinion); see also *id.,* at 290–291, 114 S.Ct. 807 (Souter, J., concurring in judgment). And following this Court's precedents, the District Courts and Courts of Appeals have decided numerous cases involving Fourth Amendment claims under § 1983 for malicious prosecution.

In *Manuel v. City of Joliet*, 580 U.S. 357 (2017), the Supreme Court considered whether a plaintiff had stated a Fourth Amendment claim when he was arrested and charged with unlawful possession of a controlled substance based upon false reports written by a police officer and an

evidence technician. *Id.* at 915. There, the Court said the plaintiff's "claim fits the Fourth Amendment, and the Fourth Amendment fits [the plaintiff's] claim, as hand in glove." *Id.* at 917. And it held "that the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process." *Id.* at 920. The Court's decision cites to *Albright*, decided in 1994, for the proposition that those objecting to a pretrial deprivation of liberty may invoke the Fourth Amendment when that deprivation occurs after legal process commences.

This right to bring such a claim was recognized even earlier. Since *Franks v. Delaware*, 438 U.S. 154 (1978), it has been clearly established that a defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes "a false statement knowingly and intentionally, or with reckless disregard for the truth" and (2) "the allegedly false statement is necessary to the finding of probable cause." *Id.* at 155–56. In *Franks*, the Supreme Court observed that the warrant requirement is meant "to allow the magistrate to make an independent evaluation of the matter." *Id.* at 165. It requires affiants to "set forth particular facts and circumstances underlying the existence of probable cause," including those that concern the reliability of the information and the credibility of the source to avoid "deliberately or reckless false statement[s]." *Id.* An officer is liable under *Franks* only if the officer "assisted in the preparation of, or otherwise presented or signed a warrant application." *Melton v. Phillips*, 875 F.3d 256, 263 (5th Cir. 2017). If an officer does not present or sign the affidavit, liability attaches only if "he helped prepare the complaint by providing information for use in it." *Id.* at 264.

As such, clearly established law at the time laid out that under *Franks* and the Court's later decisions, § 1983 allows claims "against an officer who deliberately or recklessly provides false, material information for use in an affidavit in support of a warrant." *Id.* at 262. In the instant matter, the plaintiff alleges that defendant Deroche deliberately provided false statements

and made omissions in the affidavits in support of the warrants. Defendants do not assert that the plaintiff cannot meet his burden of proof as to his claims. Defendants argue only that the plaintiff's right to assert a free-standing malicious prosecution claim was not clearly established at the time of defendant Deroche's alleged actions. While that may be accurate, defendants have not addressed the plaintiff's Fourth Amendment claim.

In that regard, the plaintiff has stated a claim against defendant Deroche. In *Hampton v. Okitibbeha County Sheriff Dept.,* 480 F.3d 358 (5th Cir. 2007) it was undisputed that "the right to be free from false arrest was well established at the time of the Plaintiff's arrest." The defendant officers instead argued that their actions were objectively reasonable in light of clearly established law at the time of the events. The Court, noting that a reasonable officer would know that lying to a judge in order to procure an arrest warrant was unlawful, accepted the plaintiff's "version of the facts as true," namely that one defendant recklessly provided false information in procuring the warrant. As such, that defendant was not entitled to qualified immunity.

Plaintiff herein alleges that defendant Deroche prepared and presented the affidavit containing false statements and omissions. However, he does not allege defendant Parent did anything other than participate in the investigation. In *Hampton,* the Court found that the defendant officers who did not prepare the warrant were entitled to qualified immunity. As such, plaintiff's allegations against defendant Parent fail to state claim under *Franks,* and the defendants' Motion should be granted in part.

**Recommendation**

It is the recommendation of the Magistrate Judge that Defendants' Motion (R. Doc. 171) be granted in part, dismissing the plaintiff's claims against defendant Parent with prejudice. It is further recommended that in all other regards, the defendants' Motion be denied and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on November 29, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**