UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KIMBLE, III**                              **CIVIL ACTION**

**VERSUS**                                           **NO. 20-708-JWD-RLB**

**HILLAR C. MOORE, III, ET AL.**

## RULING

On September 20, 2023, a Motion to Dismiss or, Alternatively, Motion for Summary Judgment (R. Doc. 171) was filed on behalf of remaining defendants David Deroche and Darren Parent. Therein defendants asserted that they were entitled to qualified immunity because a freestanding claim for malicious prosecution was not recognized until April 4, 2022, in *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). As such, defendants asserted that existing law at the time did not inform them that their actions violated the plaintiff's constitutional rights.

On November 29, 2023, the Magistrate Judge issued a Report and Recommendation finding that, "Since *Franks v. Delaware*, 438 U.S. 154 (1978), it has been clearly established that a defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes "a false statement knowingly and intentionally, or with reckless disregard for the truth" and (2) "the allegedly false statement is necessary to the finding of probable cause." *Id.* at 155–56." The Magistrate Judge concluded that the plaintiff had stated a claim against defendant Deroche by alleging that defendant Deroche deliberately provided false statements and made omissions in the affidavits in supports of the warrants. The plaintiff did not make similar

allegations against defendant Parent; therefore, the Magistrate Judge recommended that defendant Parent be dismissed.

On December 12, 2023, the plaintiff filed an Objection to the Report and Recommendation stating that he had not received a copy of the defendants' Motion. On December 13, 2023, defendants filed an Objection to the Report and Recommendation citing to a recent Fifth Circuit case, *Guerra v. Castillo,* 82 F. 4th 278 (5th Cir. 9/7/23), to reiterate that Fifth Circuit case law between 2003 and 2021 explicitly denied the possibility of a constitutional malicious prosecution claim. However, defendants did not address that the Court in *Guerra* found that the plaintiff stated a claim under *Franks* based on the clearly established Fourth Amendment right to be free from arrest without probable cause.

The Fourth Amendment right "to be free from police *arrest* without a good faith showing of probable cause" based on "deliberately or reckless false statements," has been clearly established since the Supreme Court's decision in *Franks* in 1978. *Winfrey*, 901 F.3d at 494 (emphasis added). Defendants are correct that it was not clear until the Supreme Court's decision in *Thompson* in 2022, however, that this right extends to the "wrongful initiation of charges without probable cause" more broadly, including claims for wrongful prosecution. Compare *Thompson*, 142 S. Ct. at 1337 ("District Courts and Courts of Appeals have decided numerous cases involving Fourth Amendment claims under § 1983 for malicious prosecution.") with *Morgan v. Chapman*, 969 F.3d 238, 245–46 (5th Cir. 2020) ("There is no constitutional right to be free from malicious prosecution."); *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020) ("[T]here is no freestanding right under the Constitution to be free from malicious prosecution. Rather, facts amounting to malicious prosecution are properly alleged as part of an actual Fourth Amendment

claim, such as unreasonable search or seizure. There is no independent constitutional claim for malicious prosecution.").

As such, as concluded by the Magistrate Judge, the plaintiff has stated a claim under *Franks*. After the Magistrate Judge issued his Report and Recommendation finding that the plaintiff stated a claim only against defendant Deroche, the plaintiff filed a Supplement to the Amended Complaint and an Opposition alleging that defendant Parent gave testimony at trial that conflicted with his written reports and alleging, without specificity, that both defendants acted with malicious intent. *See* R. Docs. 190 and 191. However, the plaintiff still does not allege that Parent prepared or presented the affidavit containing false statements or omissions. As such, the plaintiff has failed to state a claim against defendant Parent.

Defendants also assert in their Objection that the plaintiff's claim has prescribed since it was filed more than one year from the date the plaintiff was arrested. This Court has already determined, relying on the Court's reasoning in *Winfrey v. Rogers*, 901 F.3d 483 (5th Cir. 2018), and other cases, that the plaintiff's cause of action accrued on the date the charges were dismissed. *See* R. Docs. 104 and 109. Accordingly,

After independently reviewing the entire record in this case and for the reasons set forth herein and in the Magistrate Judge's Report dated November 29, 2023 (R. Doc. 181), to which objections were filed by plaintiff and by defendants (R. Docs. 187 and 188),

**IT IS ORDERED** that the defendants' Motion (R. Doc. 171) be granted in part, dismissing the plaintiff's claims against defendant Parent with prejudice.

**IT IS FURTHER ORDERED** that, to the extent the plaintiff is asserting a freestanding claim for malicious prosecution against defendant Deroche, said claim is dismissed with prejudice.

**IT IS FURTHER ORDERED** that this matter is referred back to the Magistrate Judge for a Pretrial Conference on February 21, 2024, at 10:00 a.m. The Magistrate Judge will issue a separate order regarding the same.

Signed in Baton Rouge, Louisiana, on February 8, 2024.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**